**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN ANGEL KING | : | |
| | : | |
| Appellant | : | No. 1678 MDA 2017 |

Appeal from the Judgment of Sentence Entered June 19, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000483-2016

BEFORE: BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED OCTOBER 01, 2018**

In the process of being stopped by police for a Motor Vehicle Code violation, Justin Angel King threw 49 bags of heroin out of his car window. Notes of Testimony ("N.T."), Sentencing Hearing, 06/19/17, at 3. Following a jury trial, King was convicted of knowing and intentional possession of a controlled substance ("K&I").[1] He now appeals from the judgment of sentence entered on June 19, 2017, contending that the trial court abused its discretion in sentencing him to six to 23 months' incarceration. King's counsel, John M. Arose, Esq., has filed with this Court a petition to withdraw and an ***Anders***[2]

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

[2] ***Anders v. California***, 386 U.S. 738, 744 (1967).

brief, on the grounds that King's direct appeal is wholly frivolous. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The facts that led to King's verdict are not dispositive of this appeal; so we do not reiterate them. Following the guilty verdict for K&I, the trial court ordered a Pre-Sentence Investigation ("PSI") Report and set a date for sentencing. At the sentencing hearing, the parties agreed that King's prior record score was four and the Sentencing Guidelines suggested a minimum sentence of three to 14 months. After hearing from both parties, as well as from King himself, the court imposed a sentence of six to 23 months' incarceration. King filed a post-sentence motion, which the trial court denied. After the trial court reinstated King's direct appeal rights, King filed this timely appeal.

King raises one issue for this Court: "[W]hether the sentencing court abused its discretion in sentencing [King] to a term of six (6) to twenty-three (23) months of incarceration upon the conviction of simple possession?" King's Br. at 6.

Before we can address the merits of King's claim, we must first address counsel's request to withdraw. **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010). In order to withdraw from representing a criminal defendant on appeal, "counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's

- 2 -

reasons for concluding that the appeal is frivolous." ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Arose has satisfied all the requirements of ***Santiago***. He provided a summary of the procedural history and facts, with citations to the record; set forth the single issue that he believes arguably supports the appeal; explained why the appeal would be frivolous; and stated his reasons for that conclusion. We also note that counsel has included with his petition to withdraw a copy of a letter addressed to King informing him that counsel was moving to withdraw, that an ***Anders*** brief has been filed with this Court, and advising King of his right to retain new counsel or to proceed *pro se* in response to the ***Anders*** brief, as required.[3] ***See Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa.Super. 2005).

We now conduct our own independent assessment of the record to decide whether this appeal is frivolous and "if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa.Super. 2015).

King's contention on appeal challenges the discretionary aspects of sentencing. We therefore must determine whether: (1) the appeal is timely, (2) the instant issue was properly preserved, (3) the appellant's brief contains

---

[3] King did not file a response to counsel's ***Anders*** brief.

a statement pursuant to Pa.R.A.P. 2119(f),[4] and (4) there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Machicote***, 172 A.3d 595, 602 (Pa.Super. 2017).

Here, King filed a timely Notice of Appeal. However, he failed to preserve his claim of a manifestly excessive sentence in his post-sentence motion or at the sentencing hearing. ***See Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003) (challenges to discretionary aspects of sentencing must be raised at sentencing hearing or in post-sentence motion). In his post-sentence motion, he argued only that the trial court erroneously "substituted its finding of fact in place of the [j]ury's," an argument that he abandons on appeal. ***See*** Post-Sentence Motion, filed 06/26/17, at 3 (unpaginated). We therefore conclude that King has waived this issue. ***See*** Pa.R.A.P. 302(a) (an issue not raised before trial court is waived on appeal). Nevertheless, even if this issue were properly preserved for appellate review, assuming it presents a substantial question, the claim is wholly frivolous.

King contends that the trial court imposed a sentence that was "manifestly excessive such that it constitutes too severe a punishment." King's Br. at 12. The trial court is given sound discretion when sentencing a defendant and absent an abuse of discretion, we will not disturb its decision.

---

[4] "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f).

*Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa.Super. 2009). An abuse of discretion is found where "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011) (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)).

Here, the trial court considered the PSI, King's criminal history, and the facts of the case. It also stated its reasons for the sentence imposed:

> This is geared with simply an accountability. If you would have had a stellar record, stayed in contact with pretrial services, I would have been in a better position to think that I could go out on a limb and give you an opportunity to go with supervision as opposed to a standard range sentence. . . . This is in the lower end of the standard range.

N.T., Sentencing Hearing, 6/19/17, at 10.

King's claim is wholly frivolous. Nothing in the record presents any basis on which King could argue that the trial court's judgment was "manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *See Perry*, 32 A.3d at 236. The sentence is within the Sentencing Guidelines and the trial court considered all relevant factors before imposing sentence. Additionally, our review of the record reveals no other non-frivolous issues counsel could assert on King's behalf. Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed, counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/01/2018